IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

    Respondent,

V.                                                   CRIMINAL NO. 3:03-00053-01
                                                    (CIVIL ACTION NO. 3:04-0726)

SHIRLEY J. McCLANAHAN,

    Movant.

**FINDINGS AND RECOMMENDATION**

On July 28, 2003, following her plea of guilty to a single count information charging embezzlement with intent to knowingly defraud a federal credit union, Shirley J. McClanahan was sentenced to a term of imprisonment of forty-six months to be followed by five years of supervised release. She did not appeal her sentence. On July 16, 2004, she filed a "Motion to Correct Illegal Sentence," which the Court treats as a motion to vacate, set aside or correct sentence, filed under the provisions of 28 U.S.C. §2255.[1] Citing Blakely v. Washington, 542 U.S. 296 (2004), and, in a supplemental filing, United States v. Booker, 125 S.Ct. 738 (2005), McClanahan asserts that her "sentence was illegally imposed since it included enhancement points which were not proven beyond a reasonable doubt."[2]

---

[1] See, In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

[2] McClanahan also complains of the use of a "letter filed with the Court and the U.S. Probation Office alleging that Petitioner's conduct jeopardized the solvency of a financial institution." Asserting that this involved "a material issue of fact" which she "was never allowed

In United States v. Booker, supra, decided on January 12, 2005, the Supreme Court concluded that the Sentencing Guidelines, as applied, were violative of the Sixth Amendment to the extent that enhancements to a defendant's sentence, beyond the fact of a prior conviction, were based on findings of fact made by a judge utilizing a preponderance of the evidence standard rather than by a jury based upon the reasonable doubt standard and that, as a consequence, the guidelines were to be treated as advisory rather than as mandatory.[3]  The question presented in this case, i.e., whether Booker's holding is to be applied retroactively to cases on collateral review, has now been resolved for courts in this circuit by the Court of Appeals for the Fourth Circuit in United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005), a decision in which the court, joining all other circuit courts of appeals which have considered the issue, held that "Booker does not apply retroactively to cases on collateral review."

It being apparent that the Court's decision in Booker is not retroactively applicable to movant's conviction and sentence, her motion, as a consequence, does not present any viable claims based on that decision or its predecessors.

---

to challenge by questioning the witnesses" and citing Crawford v. Washington, 541 U.S. 36 (2004) and other cases, movant contends that due process required that she "have the right to confront the witnesses against her."  As the Court held in United States v. James, 118 Fed.Appx. 686, 688-89 (4th Cir. 2004), however, "the right of confrontation does not extend to sentencing proceedings."

[3]  See, United States v. Booker, supra at 755-67.

## RECOMMENDATION

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: December 21, 2005

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE